THE ST. LOUIS & SAN FRANCISCO RAILWAY COM-
PANY v. C. N. KNOWLES.

### No. 236.

1. DEMURRER TO EVIDENCE—*unless plaintiff has failed to prove his case, should be overruled.* "Where the defendant in a case which is being tried by a jury, files a demurrer to the plaintiff's evidence, on the ground that the evidence does not prove any cause of action, *held*, that unless the plaintiff has utterly failed by all his evidence to prove his case, or some material fact in issue in the case, the demurrer should be overruled." *Brown, Adm'r, v. A. T. & S. F. Rly. Co.*, 31 Kan. 1.

2. EVIDENCE—*incompetent and immaterial but not prejudicial, judgment affirmed.* "A judgment will not be reversed on account of the admission of incompetent or immaterial evidence, not prejudicial to the party complaining." *Moon v. Helfer*, 25 Kan. 139.

3. CONTRIBUTORY NEGLIGENCE—*degree of care by one approaching railroad crossing depends upon surrounding circumstances.* The degree of care to be exercised by one approaching a railroad crossing must depend upon the obstructions, locations, surroundings and existing circumstances of each particular case, and, under proper instructions, is ordinarily a question of fact for the determination of the jury; and "in order that we may declare that it was negligence, as a matter of law, for him to fail to stop, there must be an evident necessity under the circumstances that he should stop, and this must be made so certain that the minds of reasonable men would not differ in regard to it." *C. R. I. & P. Rly. Co. v. Hinds*, 56 Kan. 762.

Error from Cowley District Court. Hon. M. G. Troup, Judge. Opinion filed December 20, 1897. *Affirmed.*

*J. W. Gleed*, for plaintiff in error.

*J. V. Daugherty*, for defendant in error.

SCHOONOVER, J. This case was commenced before a justice of the peace and appealed to the District Court of Cowley County. The plaintiff in his bill of particulars alleged, in substance :

"That on the seventh day of July, 1890, plaintiff

in error owned and operated a railroad extending from southeast to northwest through Cowley County and across a public highway which extended east and west from Arkansas City to Geuda Springs; that on said date plaintiff in error knowingly and negligently permitted its right of way at the point where it crosses said highway to be grown up in and occupied with weeds, trees, hedges and other vegetation in such manner as to prevent all persons traveling eastward on said portion of said highway from seeing any train of cars or engines approaching said crossing; that on said date defendant in error was passing along said highway in a wagon drawn by a team of mules and while crossing said railroad track his team was struck by an engine in charge of the employees of plaintiff in error; that the wagon was totally destroyed, and one of the mules injured; that the employees of plaintiff in error did not cause to be sounded any whistle upon said engine, and did not cause any bell or other warning of its approach to be sounded."

The case was tried to a jury, and judgment rendered against the defendant below for the sum of $157. The defendant brings the case here for review, and for its first assignment of error avers that the court erred in overruling the demurrer of plaintiff in error, defendant below, to the evidence.

It is well settled that a trial court, in passing upon a demurrer to evidence, will not weigh conflicting testimony, "but must consider as true every portion of the evidence tending to prove the case of the party resisting the demurrer."

Applying this rule to the evidence contained in the record, it is clear that the trial court committed no error in overruling the demurrer. In the case of *Brown, Adm'r, v. A. T. & S. F. Rld. Co.* (31 Kan. 1), the Supreme Court says:

"Where the defendant in a case which is being tried by a jury, files a demurrer to the plaintiff's evi-

dence, on the ground that the evidence does not prove any cause of action, *held*, that unless the plaintiff has utterly failed by all his evidence to prove his case, or some material fact in issue in the case, the demurrer should be overruled."

It is contended by plaintiff in error that the trial court erred in admitting the following testimony :

"Ques. Do you know whether these weeds and obstructions were cut off there immediately after this accident?  Ans. Yes, sir.

"Q. How long afterwards?  A. The next morning."

This is all the evidence contained in the record relating to this matter.  It does not appear that the weeds were cut down by either the defendant or its employees.

Our Supreme Court has defined this class of evidence to be, "evidence in the nature of an admission from conduct."  *St. L. & S. F. Rly. Co. v. Weaver*, 35 Kan. 433.

Before the Railroad Company could be bound by this testimony it should appear that the weeds were cut by the defendant or its employees.

While it was improper to admit the testimony without a further showing, we cannot say that the defendant below was prejudiced, or that it was such error as to require a reversal of the case.  It is well settled that "a judgment will not be reversed on account of the admission of incompetent or immaterial evidence, not prejudicial to the party complaining."  *Moon v. Helfer*, 25 Kan. 139 ; *Rich v. Cattle Co.*, 48 id. 197.

The plaintiff in error insists that the plaintiff below was guilty of such contributory negligence as should preclude a recovery.  From the special findings, it may be stated that the plaintiff below was acquainted with the railroad crossing at which the injury occurred, and

RAILWAY CO. v. KNOWLES. 793

Dec. 20, 1897. .Opinion. Schoonover, J. C. Div.

had been for two years ; that the plaintiff knew that
one of defendant's regular trains passed this point
every day at about the time the injury occurred ; that
the day was clear, with a moderate wind ; that the plain-
tiff was physically and mentally sound and in the full
enjoyment of the sense, of seeing and of hearing at the
time of the injury ; that the whistle was not sounded
at a point eighty rods before the engine reached the
crossing where the injury occurred, and that the bell
was not rung for a distance of eighty rods before reach-
ing the crossing ; that the engineer and head brakeman
did not see the plaintiff at the time he drove on the
right of way ; that the plaintiff was prevented from
seeing defendant's train, prior to the time of reaching
the right of way, by "hedge, weeds, and other vegeta-
tion" ; that the plaintiff did not get up in his wagon
and attempt to look over the obstructions prior to the
time of entering the right of way, and that he could
not have seen the approaching train if he had done so ;
that plaintiff did listen carefully and vigilantly for an
approaching train before going on defendant's right of
way and approaching the crossing ; that plaintiff was
about twenty feet from the crossing when he first dis-
covered the approaching train. It is clear from the
evidence and special findings that the plaintiff below,
before approaching the crossing, did look and listen.

The further questions presented are : Were the lo-
cation and surroundings at the crossing such as to re-
quire a greater degree of care? Can it be declared as
a matter of law that it was the duty of the plaintiff
below to stop and examine before approaching the
crossing?

The degree of care to be exercised by one ap-
proaching a railroad crossing must depend upon the
obstructions, location, surroundings and existing cir-
cumstances of each particular case ; and, under proper

instructions, is ordinarily a question of fact for the determination of the jury.

"In order that we may declare that it was negligence, as a matter of law, for him to fail to stop, there must be an evident necessity under the circumstances that he should stop, and this must be made so certain that the minds of reasonable men would not differ in regard to it." *C. R. I. & P. Rly. Co. v. Hinds*, 56 Kan. 762. In the same case, at page 758, our Supreme Court says:

"Where the evidence shows that the view of a railroad track is so obstructed by sunflowers, negligently permitted to grow on the depot grounds of the railway company, that a traveler driving a team along the highway could not see an approaching train until nearly on the track, but it does not appear that he could not have heard the whistle if it had been sounded at suitable distance from the crossing, it cannot be declared as a matter of law, that it was the duty of such traveler to stop before driving upon the track."

In the case of *A. T. & S. F. Rld. Co. v. Hague* ( 54 Kan. 284 ), it is said:

"Ordinarily, it is not the duty of a traveler on approaching a railroad track to stop; but there are cases where, by reason of obstructions or noises in the vicinity, he would be required not only to look and listen, but to stop and listen, before crossing the track. Whether the surroundings of the crossing and the existing circumstances and conditions are such as to require him to stop, is ordinarily a matter for the determination of the jury. Under the testimony in the present case, it cannot be said, as a matter of law, that the failure to stop was negligence *per se*."

The instructions given by the trial court, considered as a whole, are not misleading, and fully and fairly state the law.

The judgment of the District Court is affirmed.